Michael L. Branch (CSB 149531)
LAW OFFICE OF MICHAEL L. BRANCH
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 702-0500
Facsimile: (619) 702-0502
Email: mlb@branchlaw.net

Ira Frazer (SCB 93935)
CONSUMER LEGAL SERVICES AMERICA, INC.
7514 Girard Avenue #1-518
La Jolla, California 92037
Telephone: (858) 366-5146
Facsimile: (858) 456-1505
Email: ifrazer@consumerlegalservicesamerica.com

Attorneys for Plaintiff ACE BUSINESS SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE BUSINESS SOLUTIONS, LLC, a Nevada limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBAL MARKETING & DEVELOPMENT, INC., a Nevada corporation; AWESOME ENTERPRISES, LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. **'15CV1464 MMANLS**<br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff ACE Business Solutions, LLC ("Plaintiff" or "ACE") alleges as follows:

## JURISDICTION AND VENUE

1. This action is a proceeding arising under the Federal Interpleader Act (28 U.S.C. section 1335). Plaintiff faces inconsistent claims and demands from defendants for money which Plaintiff has collected and which is to be potentially distributed to defendants. Accordingly, Plaintiff seeks the protections and remedies afforded to it pursuant to 28 U.S.C. section 1335 et seq.

2. Venue is proper in this court pursuant to 28 U.S.C. section 1397. A special venue rule applies in statutory interpleader actions allowing any civil action under the Federal Interpleader Act to be

brought in the judicial district in which one or more of the claimants reside.  (28 U.S.C. section 1397.) Plaintiff is informed and believes and thereon alleges that one or more of the defendants resides, conducts business or solicits customers to conduct business within this judicial district.

## PARTIES

3.	Plaintiff ACE Business Solutions, LLC is a limited liability company organized pursuant to the laws of the State of Nevada.  Plaintiff conducts business in the State of California, including business for consumers located in San Diego County, California.

4.	Defendant Global Marketing & Development, Inc. ("GMD") is a corporation organized pursuant to the laws of the State of Nevada.

5.	Defendant Awesome Enterprises, LLC ("Awesome") is a limited liability company organized pursuant to the laws of the State of Maryland.

6.	Plaintiff is informed and believes and thereon alleges that each of the specifically named defendants and each of the fictitiously named defendants assert or may assert some claim or ownership interest in funds collected, maintained, processed and distributed by Plaintiff.  Plaintiff is currently uncertain as to the names of those potential claimants and will assert their true names and capacities when ascertained.

## CLAIM FOR RELIEF

**(For Remedies and Protections Pursuant to 28 U.S.C. section 1335, et seq.)**

7.	ACE is a processing company in the debt industry.  As a subcontractor to an originating company or a processor, ACE provides services to consumers and others related to assisting to eliminate, resolve or restructure debt, including but not limited to debt invalidation, Debt Relief Services and Mortgage Assistance Relief Services as those terms are defined in regulations promulgated by the Federal Trade Commission and other federal regulatory agencies.

8.	The services ACE provides are directed by others and ACE merely implements and executes the instructions and directions of others. In performing its services, ACE utilizes various proprietary methods and documents created by Awesome.

/ / /

/ / /

9. ACE also coordinates the drafting of funds from consumer bank accounts for the payment of fees and then allocates the fees collected pursuant to directions provided to it. Neither Ace nor any of its employees are lawyers and Ace does not perform any services requiring a lawyer.

10. Defendant GMD allegedly has contractual obligations to service files of consumers who are seeking to resolve debts through some form of invalidation. GMD allegedly acquired a substantial number of servicing obligations for invalidation services when it allegedly acquired 5STAR, Inc. ("5STAR"), a company originally affiliated with Awesome.

11. At the time GMD allegedly acquired its servicing obligations, there were in excess of 12,000 consumer files to service.

12. Based upon the servicing portfolio, there is more than $1million dollars a month in fees to collect and distribute.

13. 5STAR had either directly or through 5STAR affiliates, originated contracts with consumers for debt invalidation related services and, as part of its transaction with GMD, transferred service obligations on any files in its name to GMD.

14. Prior to GMD taking control of 5STAR, ACE provided services to 5STAR. ACE performed many functions for 5STAR, including but not limited to interacting with third-party marketing companies and affiliates, collecting fees from consumers, paying commissions and distributing money to third parties, GMD and others primarily through electronic fund transfers. Pursuant to a written Services Agreement with GMD, ACE continued to provide processing services to GMD, similar to the processing services it previously provided to 5STAR.

15. Among other services provided by ACE, ACE would receive payments from consumers, pay expenses, and distribute to affiliates such as GMD the balance of funds pursuant to formulas, percentages and commissions agreed upon by the parties (the "Net Distribution"). GMD is one of the parties who would be entitled to part of the Net Distribution.

16. On or about June 17, 2015, ACE received legal notice from counsel representing individuals and their affiliated organizations who were formerly affiliated with 5STAR. The legal notice directed to ACE asserted improprieties related to the transfer of ownership of 5STAR to GMD and/or

///

parties affiliated with GMD. These claims and assertions purportedly affect the ownership of monetary distributions which ACE would process and transfer electronically to GMD and its affiliates.

17. On or about June 26, 2015, ACE received legal notice from GMD demanding that ACE comply with its obligations under the Services Agreement, and provide the Net Distribution to GMD without qualification or withholdings. Essentially, GMD asserts a right in its portion of the Net Distribution. On the other hand, Awesome has presented a conflicting demand and has asserted a right in a portion of the Net Distribution.

18. Each of the defendants claims that it has an ownership interest, in part or in whole, in the Net Distribution. GMD claims it is the only entity entitled to receive payment of its portion of the Net Distribution, to the exclusion of all others. Contrarily, Awesome claims it is entitled to receive some or all of GMD's portion of the Net Distribution.

19. By reason of these conflicting claims of the defendants, ACE is in great doubt as to which defendant is entitled to the Net Distribution, in part or in whole, as defendants each claim a competing ownership interest in the funds.

20. Since being notified by Awesome counel, and excluding a lawsuit that counsel for Awesome has notified Ace it is planning to file, Ace has learned that there have been at least two other lawsuits filed against the principals of GMD alleging fraud. One of the lawsuits stems from the same core facts and the second presents facts and circumstances very similar to those involving the Awesome situation.

WHEREFORE, ACE prays for judgment as follows:

1. That Plaintiff is entitled to interplead, segregate or deposit into a separate escrow account, the Net Distribution calculated for GMD, pending a stipulation of the parties and order of the Court as to the ownership and distribution of the Net Distribution calculated for GMD, or an adjudication of the Court on the issue;

2. That each of the defendants be restrained from instituting any action against Plaintiff for the recovery of or distribution of the funds interpled, segregated or deposited into a separate escrow account by plaintiff pending a stipulation, adjudication or court order;

///

3. That defendants be required to resolve or adjudicate between themselves their rights to the Net Distribution for GMD, and that Plaintiff be discharged from all liability arising from the competing and inconsistent claims for the Net Distribution calculated for GMD presented by defendants;

4. For attorneys' fees pursuant to statute or other applicable law;

5. For the recovery of costs of suit incurred herein pursuant to statute or other applicable law;

6. For such other and further relief as the Court may deem just and proper.

Dated: July 2, 2015				LAW OFFICE OF MICHAEL L. BRANCH

					By:	s/Michael L. Branch
						Michael L. Branch
						Attorneys for Plaintiff
						ACE BUSINESS SOLUTIONS, LLC