Gaurav Bobby Kalra (SBN 219483)
Attorney at Law
www.gbkattorney.com
1024 Iron Point Road, Suite 100
Folsom, California 95630
Telephone: (916) 357-6777
Facsimile: (916) 404-4270
bobby@gbkattorney.com

Attorneys for Defendant
Global Marketing & Development, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE BUSINESS SOLUTIONS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL MARKETING & DEVELOPMENT, INC., a Nevada corporation; AWESOME ENTERPRISES, LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:15-CV-01464-MMA-NLS<br><br>DEFENDANT GLOBAL MARKETING & DEVELOPMENT, INC.'S ANSWER |

Defendant Global Marketing & Development, Inc. ("GMD" or "Defendant") submits its Answer to Plaintiff's Complaint. Defendant answers below the allegations in Plaintiff's Complaint in paragraphs that correspond to the numbered paragraphs in Plaintiff's Complaint.

1. Defendant admits Plaintiffs seeks relief pursuant to 28 U.S.C. Section 1335 et seq. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.
2. Defendant denies that venue is appropriate as Plaintiff and GMD both executed a writing requiring arbitration.
3. Defendant does not have sufficient information as to the facts alleged in Paragraph 3.
4. Defendant admits the allegations in Paragraph 4.
5. Defendant does not have sufficient information as to the facts alleged in Paragraph 5.
6. Defendant GMD admits it will assert a claim to any allegedly disputed funds. Defendant denies the remaining facts.
7. Defendant does not have sufficient information as to the facts alleged in Paragraph 7.
8. Defendant does not have sufficient information as to the facts alleged in Paragraph 8.
9. Defendant does not have sufficient information as to the facts alleged in Paragraph 9.
10. Defendant admits it provides services in the debt consolidation industry. Defendant admits it acquired certain rights and accounts from 5STAR, Inc. Defendant does not have sufficient information to deny or admit the remaining allegations.
11. Because ACE has taken control of its database, Defendant does not have sufficient information to determine the number of accounts at issue and denies the allegations in Paragraph 11.
12. Because ACE has taken control of its database, Defendant does not have sufficient information to determine the amount at issue at issue and denies the allegations in Paragraph 12.
13. Defendant does not have sufficient information as to the facts alleged in Paragraph 13.
14. Denied denies the allegations in Paragraph 14.
15. GMD admits it is entitled to the Net Distribution. GMD further asserts no other party would be able to lay claim to this amount.
16. Defendant admits such correspondence was sent.

17. Defendants admits there is an alleged legal controversy over the amount at issue. Defendant notes that no Court order permitted ACE from breaching its contract with GMD and converting its electronic assets and monies.
18. GMD admits it is entitled to the Net Distribution. GMD further asserts no other party would be able to lay claim to this amount.
19. Defendant denies that ACE is in doubt as to the appropriate party to receives funds. Defendant denies the allegations in Paragraph 19.
20. Defendant admits it has been named as a party in at least two other suits. Defendant denies the remaining allegations.

Defendant denies that Plaintiff is entitled to any relief and deny Paragraphs 1-6 in the WHEREFORE section of Plaintiff's Complaint.

### General Denial

Defendant denies each and every allegation in Plaintiff's Complaint that has not otherwise been specifically admitted or denied.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred by the doctrines of estoppel, offset, and/or setoff.
3. Plaintiff's claims are barred in whole or in part by the principles of accord and satisfaction and payment.
4. Plaintiff's claims are barred, or recovery reduced, by Plaintiff's failure to mitigate damages, if any.
5. Plaintiff's request for Interpleader is barred because Plaintiff is not a mere conduit of disputed funds but instead is a competing third party with a pecuniary interest by unlawful withholding of Defendant's monies and client data.

Defendant reserve its right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of litigation.

DATED: November 23, 2015

Respectfully submitted,

*[signature]*

Gaurav Bobby Kalra (SBN 219483)

Attorney for Defendant GMD

Gaurav Bobby Kalra (SBN 219483)
Attorney at Law
www.gbkattorney.com
1024 Iron Point Road, Suite 100
Folsom, California 95630
Telephone: (916) 357-6777
Facsimile: (916) 404-4270
bobby@gbkattorney.com

Attorney for Cross-Complainant and Defendant
Global Marketing & Development, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE BUSINESS SOLUTIONS, LLC, a Nevada limited liability company,<br><br>　　　Plaintiff,<br>v.<br><br>GLOBAL MARKETING & DEVELOPMENT, INC., a Nevada corporation; AWESOME ENTERPRISES, LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | CASE NO. 3:15-CV-01464-MMA-NLS<br><br>CROSS COMPLAINT OF GLOBAL MARKETING & DEVELOPMENT, INC. |
| GLOBAL MARKETING & DEVELOPMENT, INC., a Nevada corporation,<br>　　Cross-Complainant,<br>v.<br><br>ACE BUSINESS SOLUTIONS, LLC, a Nevada limited liability company, SANDY BARNES, an individual and Nevada resident,<br>　　Cross-Defendants | |

Cross-Complainant Global Marketing and Development, Inc., alleges the following against defendants Ace Business Solutions, LLC ("Ace"), and Sandy Barnes (collectively, "Defendants"), and Does 1 – 10:

### Jurisdiction and Venue

1. This Court has jurisdiction over all causes of action asserted in this Cross-Complaint pursuant to California Constitution, Article VI, Section 10 and California Code of Civil Procedure Section 410.10, by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest, exceeds $75,000, and because this case is a cause not given by statute to other trial courts. The jurisdiction is also founded upon diversity jurisdiction because the parties are of different states.

2. Venue is proper in this Court pursuant to Code of Civil Procedure Sections 395 and 395.5, because Cross-Defendants transact business within this Federal District. In addition, Cross-Defendant Ace affirmatively filed an Interpleader action in this District and the same factual disputes and legal issues would need to be resolved in both the Interpleader action and this Cross-Complaint.

### The Parties

3. Cross-Complainant Global Marketing Development, Inc. ("GMD"), is a Nevada corporation that is qualified to do business in California and conducts business in Placer County at 3240 Professional Drive, Auburn, California 95602. Cross-Complainant GMD is in the business of providing a package of services to consumers that includes document preparation for debt validation requests. Essentially, customers have outstanding consumer debt. Cross-Complainant GMD assists these customers with a debt validation process that in many cases eliminates or reduces the debt. Cross-Complainant GMD also assists with credit repair and ongoing debt validation services. Cross-Complainant GMD generally contracts with sales affiliates and these third-party entities and call centers solicit customers on behalf of GMD.

///

///

4. Cross-Defendant Barnes operates a call center in Nevada. Barnes operates through a variety of entities and one of those entities is called Ace. The company Ace is merely the ACH vendor identified by GMD. GMD and ACE entered into a written services agreement which is attached as <u>Exhibit A</u>, the "ACE Services Agreement". The ACE Services Agreement was signed by both GMD and ACE and designated arbitration in the State of Nevada. In the ACE Services Agreement the client data and funds brought in to the business are the property of GMD and ACE and Defendant Barnes had no right to direct or divert information or funds without the explicit approval of GMD. ACE engaged in conspiracy with certain third parties in an effort to compromise GMD's business. Defendant Barnes acted in her personal capacity to take control of GMD's client data and GMD's monies. Defendant Barnes attempted to move both the data and the value of the client base to third parties that apparently promised her a greater pecuniary benefit to engage in outside customer support services.

**FACTS COMMON TO ALL CAUSES OF ACTION**

<u>GENERAL BACKGROUND</u>

5. GMD obtained the assets of Five Star Management Services, Inc. ("Five Star"). Five Star used an outside vendor, Cross-Defendant Ace, for outside client support services. Cross-Complainant GMD memorialized an asset purchase agreement effective March 2015 and memorialized a comprehensive written agreement in May 2015.

6. A one million dollar reserve was transferred from Five Star to GMD on March 11, 2015. The reserve was for servicing of existing clients and reflected, essentially, monies held in trust by Five Star to settle debts on behalf of existing clients that paid those monies to date. There was also a portion of that reserve dedicated to operating costs. Customer payments were sent to GMD subsequent to March 10, 2015 pursuant to the agreement between the parties. On April 1, 2015 GMD assumed all operations for the business including the hiring of all former staff of Five Star.

///

///

7. In an effort to maintain continuity of customer service, GMD continued its relationship with the outside customer service / call center vendor, Defendant Ace. After a few weeks, GMD realized that certain documents required additional legal compliance processes. Neither Defendant Ace nor Defendant Barnes have implemented the compliant documents provided by GMD. Instead Defendants have used non-compliant documents prepared by the former owner of Five Star thereby harming consumer interests and subjecting GMD to liability.

8. Eventually, Cross-Complainant GMD realized Cross-Defendants Ace and Barnes were refusing to implement the appropriate documents when servicing GMD clients. Cross-Complainant GMD also realized that defendant Ace and Barnes were attempting to sell GMD assets to third parties, or otherwise obtain a pecuniary benefit from taking control of GMD's client base and client-submitted monies.

## FIRST CAUSE OF ACTION

### (Conversion)
### (As to all Defendants)

9. Cross-Complainant re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 to 8.

10. Cross-Complainant GMD owns and has a right to possess the intangible asset of its client data and GMD also owns and has a right to possess monies submitted on behalf of clients for consideration related to GMD services.

11. Cross-Defendants Ace and Barnes have intentionally and substantially interfered with Cross-Complainant's property by taking possession of GMD's client database and client-submitted monies.

12. Cross-Complainant GMD did not consent to Cross-Defendants takings. Cross-Complainant GMD has been harmed by the value and goodwill of its business by failing to offer its level of consumer service to its client base. The actions of Cross Defendants have subjected GMD to potential great liability from its clients. Cross-Complainant was also harmed by having its cash flow completely cut off by Cross-Defendants' unauthorized retention of GMD monies. This action has caused GMD to lay off employees, prevent the development of a service center, and caused a

drastic loss of both clients and sales affiliates. GMD is in danger of not being able to function and the subsequent harm to itself and the consumers it assists would be grievous.

13. As a proximate result of Cross-Defendant's breach, Cross-Complainant has suffered, and will continue to suffer, general and special damages in an amount to be proven at trial. Cross-Complainant seeks compensation for all damages and losses proximately caused by these breaches.

### SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendant Ace)

14. Cross-Complainant re-alleges and incorporate by reference as though fully set forth herein each and every allegation contained in paragraphs 1 to 13.

15. The ACE Services Agreement reflects that ACE acted as the call center for Five Star before its asset sale to GMD. The ACE Services Agreement reflects at section 1.1 that ACE will not directly receive monies from GMD clients. Pursuant to the ACE Services Agreement, ACE is required to take instruction from GMD. ACE is also required to produce monthly reports on the 15th of each month (Section 1.5). Pursuant to Section 1.10, ACE memorializes that GMD is the owner of all client files.

16. GMD determined that documents used by its predecessor are potentially non-compliant with applicable consumer laws and the requirement that non-lawyers refrain from the practice of law. GMD assisted with clearing its predecessor of accusations by a Maryland County prosecutor that it was engaged in the unlicensed practice of law. ACE has refused to use the compliant documents prepared by GMD thus putting both consumers and GMD subject to additional potential liability.

17. Since March 10, 2015, ACE has made payments to GMD as an outside service provider. On June 17, 2015, ACE withheld payments to GMD without a Court order. Unpaid fees to date from ACE to GMD are approximately $545,000.00.

18. ACE has justified the above conduct on the basis of receiving correspondence from counsel from those affiliates with Five Star. A copy of at least one letter is attached as <u>Exhibit B</u>.

19. GMD has begun to experience irreparable harm by the above-referenced conduct including:

    A. GMD has been prevented from opening up a call center in the State of Texas. GMD's ability to fully service its clients related to consumer needs is compromised by ACE's non-judicial retention of funds.
    B. GMD has been forced to lay off employees as a result of ACE's unauthorized withholding of funds.
    C. GMD has been prevented from acquiring new affiliates and retaining existing affiliates. Numerous affiliates have complained of servicing issues by ACE.
    D. GMD has been unable to place additional monies into trust for consumers and to pay for legal fees on behalf of those consumers.
    E. GMD has been unable to place a legal network in place for its consumers.
    F. GMD consumers are receiving advice from ACE when any advice should be from attorneys related to certain disposition and settlement of debt. Without injunctive relief, the unauthorized practice of law by ACE and its current network, targeting GMD clients, will be facilitated.

20. As a proximate result of Cross-Defendant's breach, Cross-Complainant has suffered, and will continue to suffer, general and special damages in an amount to be proven at trial. Cross-Complainant seeks compensation for all damages and losses proximately caused by these breaches.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as follows:

1. Injunctive relief temporarily, preliminarily, and permanently enjoining Cross-Defendants, as well as their agents and all persons that act in concert with them, from directly or indirectly:

    A. Obtaining, accessing, or disclosing to anyone (other than their counsel) any of Cross-Complainant's data, documents and property taken from or belonging to Cross-Complainant that are in any way in Cross-Defendants' possession, custody or control;
    B. Accessing, receiving, copying, or disseminating any copies of Cross-Complainant's documents or property taken from or belonging to Cross-Complainant; and

Page 6 / Case No. 3:15-cv-01464-MMA-NLS
CROSS-COMPLAINT OF GLOBAL MARKETING & DEVELOPMENT, INC.

       C. Engaging in any activities related to the planning, design, or development of debt mitigation companies or services that in any way involve or use the disclosure of Cross-Complainant's confidential or proprietary data.

2. Temporary, preliminary and permanent injunctive relief requiring the immediate return of Cross-Complainant's stolen data, in forensically sound fashion, preserving all metadata;

3. Compensatory damages, past and future, in an amount to compensate Cross-Complainant;

4. General damages;

5. An accounting to establish, and an order requiring restitution and/or disgorgement of, the sums by which Cross-Defendants have been unjustly enriched;

6. Attorneys' fees and costs incurred by virtue of this action;

7. For pre-judgment and post-judgment interest in accordance to any applicable provision of law according to proof;

8. For disgorgement of all profits earned by Cross-Defendants to Cross-Complainant;

9. For such other and further relief as the court may deem just and proper.

Dated: November 23, 2015

By: _____
Gaurav Bobby Kalra (SBN 219483)
Attorney for Defendant and Cross-Complainant GMD