# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE BUSINESS SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL MARKETING & DEVELOPMENT, INC., and AWESOME ENTERPRISES, LLC,<br><br>Defendants. | Case No. 15cv1464-MMA (NLS)<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>[Doc. No. 52] |

Third parties TDL Global Ventures ("TDL") and Losany Enterprises, LLC ("Losany") (collectively, "the Intervenors") move to intervene in this action pursuant to Federal Rule of Civil Procedure 24. *See* Doc. No. 52. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the Intervenors' motion to intervene.

//

//

//

## BACKGROUND

On July 2, 2015, Plaintiff Ace Business Solutions, LLC ("Plaintiff" or "Ace") filed this interpleader action pursuant to 28 U.S.C. § 1335. *See* Doc. No. 1. Plaintiff requests the Court determine, as between Defendants Global Marketing & Development, Inc. ("GMD") and Awesome Enterprises, LLC ("Awesome"), the rights to a particular sum of money ("Net Distribution") that Plaintiff has collected. Plaintiff Ace is a debt processing company that provides processing services for GMD pursuant to an agreement between the two entities. *See* Doc. Nos. 1, 24. Ace, as part of its services, collects payments from consumers and pays portions of those funds to GMD. Plaintiff also used to provide processing services to a company called 5STAR, Inc. ("5STAR"), which was originally owned by Awesome. *See* Doc. Nos. 1, 21. At some point,[1] GMD acquired 5STAR and thereby acquired 5STAR's servicing obligations. *See* Doc. Nos. 1, 21. Awesome disputes the propriety of this transaction and as a result, Awesome and GMD allegedly began to give Ace conflicting instructions regarding to whom Ace should distribute collected funds.

Specifically, on June 17, 2015, Ace alleges it received notice from attorneys who represent organizations[2] that were previously affiliated with 5STAR, and who asserted there were certain "improprieties related to the transfer of ownership of 5STAR to GMD and/or parties affiliated with GMD," which affected GMD's entitlement to funds that Ace would typically transfer to GMD. On June 26, 2015, Plaintiff received notice from GMD requesting Plaintiff transfer to it the entire Net Distribution. Awesome claims a portion of the Net Distribution, and asserts GMD is entitled to none of it because GMD committed fraud and "misappropriate[d] companies and assets belonging to Awesome

---

[1] The particular facts surrounding 5STAR's relationship to Awesome are unclear, but it appears that at this time, Awesome was still affiliated with 5STAR.

[2] The Complaint indicates that Awesome was one of these organizations. *See* Doc. No. 1, ¶ 20.

and businesses related to Awesome, [and] the revenue from debt invalidations businesses belonging to businesses related to Awesome." *See* Doc. No. 26.

Also, both GMD and Ace have filed counterclaims against one another arising out of the agreement between them. *See* Doc. Nos. 9, 16. GMD has filed a counterclaim against Ace alleging breach of contract and conversion. Ace has filed a counterclaim against GMD asserting claims for breach of contract and breach of the covenant of good faith and fair dealing.

On January 1, 2016, the Intervenors filed a motion to intervene in this action.[3] *See* Doc. No. 21. This Court denied the Intervenors' initial motion on April 14, 2016. *See* Doc. No. 30. The Intervenors had "made certain claims against GMD" in the District Court of Maryland concerning both the Intervenors' "rights to some of the interplead monies to which GMD claimed to be entitled" as well as a breach of contract claim. *See* Doc. No. 52, p. 5; *see also* Doc. No. 55, p. 7. When the Intervenors filed the first motion to intervene, the Maryland action was still pending. *See* Doc. No. 52, p. 5. Both Ace and GMD opposed the Intervenors' first motion to intervene. *See* Doc. Nos. 24, 25.

Before the Intervenors brought this second motion to intervene, the District Court of Maryland entered a final judgment in favor of the Intervenors against GMD for $1,500,000.00. *See* Doc. No. 52, p. 5. Furthermore, the District Court in Maryland issued a Writ of Execution to the Intervenors "as to the monies to which GMD is entitled" in this case. *See id.* Purportedly based on the outcome of the Maryland case, GMD assigned to the Intervenors "jointly, all rights and entitlements to . . . [a]ny monies that presently are or will be due to GMD from the interplead monies in [the instant action]." *See* Doc. No. 55, Lubar Decl., Exh. 2. GMD joined in the Intervenors' second motion to intervene and claimed it "does not intend to spend any significant money and

---

[3] The Court **DENIES AS MOOT** Plaintiff's request that the Court take judicial notice of this filing. The Court need not take judicial notice of filings in the instant case.

time defending the [interpleader action] and expects Intervenors to assert all rights to which GMD would have been entitled." *See* Doc. No. 52-4.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 governs motions to intervene in federal court. Rule 24 states that a court must, upon a timely motion, allow intervention of right where the movant:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Ninth Circuit has interpreted Rule 24(a) as requiring an applicant meet all of the following four factors:

> (1) the application for intervention must be timely;[4] (2) the applicant must have a 'significant protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003), *as amended* (May 13, 2003); *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001); *C.S. ex rel. Struble v. California Dep't of Educ.*, No. 08-CV-0226-W(AJB), 2008 WL 962159, at *2 (S.D. Cal. Apr. 8, 2008). An applicant has a significant protectable interest

---

[4] The parties do not dispute the timeliness of the Intervenors' motion.

where its interest is protected under some law, and there is a relationship between its legally protected interest and the plaintiff's claims. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The resolution of the plaintiff's claims must actually affect the applicant, but if there would be a substantial effect, the applicant "should, as a general rule, be entitled to intervene." *Id.*; *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

In the alternative, courts may allow permissive intervention under Rule 24(b). The court may allow anyone to permissively intervene who:

> (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. [. . .] (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). Further, a party seeking to permissively intervene must establish that their motion was timely and that the court has an independent jurisdictional basis for the party's claims. *See C.S. ex rel. Struble*, 2008 WL 962159 at *2.

## DISCUSSION

### A. TDL's and Losany's Grounds for Intervention

The Intervenors contend they may intervene as a matter of right, or in the alternative, are entitled to permissive intervention in this interpleader action based on the Writ of Execution and the assignment. *See* Doc. No. 52. The Intervenors contend their interests are significantly different now as compared with when they filed their first motion to intervene. *See* Doc. No. 52. Notably, the Intervenors argue that the Court denied their first motion to intervene because of the Court's concern that the Intervenors had a speculative interest in the current action. Now, the Intervenors argue, based on the

Writ of Execution and GMD's assignment, they have a concrete "interest relating to the property or transaction that is the subject of the action" and one which GMD will not adequately protect. *See* Doc. No. 52. Because "GMD is no longer entitled to recover any" of the interplead monies, the Intervenors assert they are no longer "potential judgment creditors" but rather, "real-parties-in-interest." *See* Doc. No. 52.

Moreover, the Intervenors argue GMD currently has little incentive to litigate their rights to interplead funds because GMD assigned their rights in this action to the Intervenors. *See* Doc. No. 52, p. 8. The Intervenors state that GMD has conducted "nearly no discovery" relevant to pursuing interplead monies. *See id.*

Because the rights under the GMD/Awesome contract are the subject of Plaintiff's Complaint, the Intervenors "do[] not seek to expand the scope of issues in the case." See Doc. No. 52. The Intervenors contend the assignment "simply allow[s] [them] to protect their interest in the exact same claims to the interplead monies that GMD would have had . . . ." *See id.* In other words, the Intervenors state they are not seeking to litigate any additional contractual rights and therefore intervention is narrowly confined to the contract at issue in Plaintiff's Complaint. *See id.* at 10.

### B. Plaintiff Ace's Arguments in Opposition

Plaintiff contends that the Intervenors are no more than judgment creditors seeking to collect on a judgment, which does not entitle them to intervention as a matter of right or permissive intervention. *See* Doc. No. 55, p. 5. Further, Plaintiff argues that the Intervenors are not assignees of the GMD contract, but rather, have only been assigned the right to funds under the contract. Plaintiff argues this reinforces the idea that the Intervenors are merely judgment creditors.

Also, Plaintiff asserts GMD still has incentive to litigate because GMD has to defend against Plaintiff's counterclaims. Plaintiff argues "the Amount of the ACE counterclaims exceed the amount of the funds interpled and the damages alleged by GMD in its claims against ACE." *See* Doc. No. 55. Accordingly, Plaintiff contends

GMD "will protect its share in the proverbial pie." *See* Doc. No. 55. Plaintiff also argues that GMD has not provided the Court with any evidence that it will not defend the counterclaims because GMD's notice of joinder does not have evidentiary value as it is not a declaration made under penalty of perjury.

Lastly, Plaintiff contends intervention would be prejudicial because it would "explode this simple case involving one contract and three entities, into a multi-party, multi-claim, multi-contract litigation seeking the resolution of claims, contracts and issues" which Plaintiff is not involved in. *See* Doc. No. 55. Plaintiff further contends they will be prejudiced by allowing intervention because the scope of discovery will be expanded into numerous irrelevant issues in this case such as the legitimacy of the Intervenors' assignment. *See* Doc. No. 55.

**C. Analysis**

**i. Timeliness of Plaintiff's Opposition**

As an initial matter, the Intervenors argue Plaintiff's opposition brief was untimely. The Intervenors contend that the brief was due on January 13, 2017 because pursuant to the briefing schedule governed by the Civil Local Rules, the deadline would otherwise fall on January 16, 2017—the Birthday of Martin Luther King, Jr., a federal holiday. *See* 5 U.S.C. § 6103. Plaintiff did not file the opposition until January 17, 2017. However, the Civil Local Rules do not provide for the situation in which the deadline for filing an opposition brief falls on a holiday. *See* Civ. L. R. 7.1(e)(2). Thus, Federal Rule of Civil Procedure 6(a) governs, meaning that Plaintiff's opposition brief was timely filed on January 17, 2017. *See* Fed. R. Civ. P. 6(a) (stating that if the deadline lands on a holiday, "the period continues to run until the end of the next day that is not a . . . legal holiday.").

**ii. Intervention of Right**

The Intervenors have not pointed the Court to any federal statute that mandates their intervention. *See* Fed. R. Civ. P 24(a)(1). Thus, to intervene as of right, the Intervenors must show they have a significant protectable interest related to the property

GMD "will protect its share in the proverbial pie." *See* Doc. No. 55. Plaintiff also argues that GMD has not provided the Court with any evidence that it will not defend the counterclaims because GMD's notice of joinder does not have evidentiary value as it is not a declaration made under penalty of perjury.

Lastly, Plaintiff contends intervention would be prejudicial because it would "explode this simple case involving one contract and three entities, into a multi-party, multi-claim, multi-contract litigation seeking the resolution of claims, contracts and issues" which Plaintiff is not involved in. *See* Doc. No. 55. Plaintiff further contends they will be prejudiced by allowing intervention because the scope of discovery will be expanded into numerous irrelevant issues in this case such as the legitimacy of the Intervenors' assignment. *See* Doc. No. 55.

**C. Analysis**

**i. Timeliness of Plaintiff's Opposition**

As an initial matter, the Intervenors argue Plaintiff's opposition brief was untimely. The Intervenors contend that the brief was due on January 13, 2017 because pursuant to the briefing schedule governed by the Civil Local Rules, the deadline would otherwise fall on January 16, 2017—the Birthday of Martin Luther King, Jr., a federal holiday. *See* 5 U.S.C. § 6103. Plaintiff did not file the opposition until January 17, 2017. However, the Civil Local Rules do not provide for the situation in which the deadline for filing an opposition brief falls on a holiday. *See* Civ. L. R. 7.1(e)(2). Thus, Federal Rule of Civil Procedure 6(a) governs, meaning that Plaintiff's opposition brief was timely filed on January 17, 2017. *See* Fed. R. Civ. P. 6(a) (stating that if the deadline lands on a holiday, "the period continues to run until the end of the next day that is not a . . . legal holiday.").

**ii. Intervention of Right**

The Intervenors have not pointed the Court to any federal statute that mandates their intervention. *See* Fed. R. Civ. P 24(a)(1). Thus, to intervene as of right, the Intervenors must show they have a significant protectable interest related to the property

or transaction underlying the litigation, and are "so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest, unless existing parties adequately represent [those] interest[s]." Fed. R. Civ. P. 24(a)(2).

Regarding the present motion, the Court is persuaded that the Intervenors' interests are so situated. Specifically, the "Assignment of Claims and Rights" demonstrates a property right to the underlying claims in this action. The Court's task in evaluating the scope of an assignment is to "enforce the intent of the parties." *See Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1283 (9th Cir. 1983); *see also In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 896 (C.D. Cal. 2012). In joining the Intervenors' second motion, GMD demonstrates its intent that Intervenors protect their own interests in this action by stating that GMD "does not intend to spend any significant money and time defending the underlying complaint and expects Intervenors to assert all rights to which GMD would have been entitled." *See* Doc. No. 52-4. Thus, the Intervenors' interests in this action have morphed from speculative and theoretical into concrete and certain.

To have a significant protectable interest, a movant's interest must itself be affected by the resolution of the litigation. Plaintiff's Complaint seeks a determination as to what GMD is entitled to from the interplead monies, and the "Assignment of Rights and Claims" divests GMD's interests in asserting these claims to the Intervenors. It therefore appears the Intervenors are not "one [] step removed" from the litigation's resolution because the Intervenors seek adjudication of some of the same issues as Plaintiff does. *See U.S. v. Ballantyne*, No. 13-CV-53-BTM, 2013 WL 4716234, at *3 (S.D. Cal. Sept. 3, 2013). Thus, "there is a relationship between [rights created outside the scope of this litigation] and the claims at issue" here. *See Donnelly*, 159 F.3d at 409; *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003), *as amended* (May 13, 2003).

Accordingly, the general rule that judgment creditors do not have legally protectable interests in litigation involving the debtors does not apply here. *See U.S. v.*

*Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (holding an "interest in the prospective collectability of [a] debt [. . .] [was] not sufficiently related" to the action because the interest was "several degrees removed" from the policies at issue). For the above reasons, the Intervenors' interests in this case are distinguishable from the contingent creditor's interests in *Alisal* based on the assignment and Writ of Execution entitling the Intervenors "to the monies to which GMD is entitled in this litigation." *See* Doc. No. 52, p. 5.

Lastly, the Court is unpersuaded that the Intervenors' interests are adequately protected by Defendants' interest in defending Plaintiff's counterclaims. *See* Doc. No. 55, p. 10. Regardless of the "evidentiary value"[5] of GMD's notice of joinder, GMD has indicated to the Court that it "does not intend to spend any significant money and time defending the underlying complaint and expects Intervenors to assert all rights to which GMD would have been entitled." Doc. No. 52-4. Further, based on common sense, GMD has little incentive to litigate issues relating to the underlying Complaint when it has assigned all of its rights to any interplead funds to the Intervenors. Plaintiff's suggestion that GMD has an interest in defending the counterclaim because any money GMD is awarded in this action "will be offset by the counterclaim damages awarded to ACE" is similarly unpersuasive. *See* Doc. No. 55. Whether GMD has an interest in defending the counterclaim is distinguishable from whether GMD has an interest in defending the underlying Complaint, which the Intervenors are most concerned about.

For the foregoing reasons, the Intervenors have significant protectable interests that are at risk of being impaired or impeded by the resolution of this action, and which are not currently adequately protected. Therefore, the Intervenors are entitled to intervene as a matter of right in this action.

---

[5] On that note, the Court **OVERRULES** all of Plaintiff's evidentiary objections to the Intervenors' evidence as moot. The Court need only consider undisputed facts and the parties' arguments in deciding this motion.

### iii. Permissive Intervention

Even were the Court to find the Intervenors do not have the right to intervene pursuant to Rule 24(a), the Court has discretion to allow them to intervene pursuant to Rule 24(b). As an initial matter, the Intervenors do not claim to have a conditional right to intervene under a federal statute. *See* Fed. R. Civ. P. 24(b). Accordingly, the Intervenors must show they have a claim or defense that shares a common question of law or fact with this action. *Id.* Also, the Court is required to determine whether intervention would unduly delay or prejudice the adjudication of the current parties' rights. *Id.*

As the Court previously stated, GMD assigned the Intervenors its rights to the funds disputed in this action. Therefore, the rights the Intervenors seek to protect by intervening in this action directly relate to the issues raised by Plaintiff's Complaint. Based on the assignment, the Intervenors do not seek to litigate additional contractual rights that are not already at issue in the current litigation. Thus, both the Intervenors and Plaintiff have shared questions of law or fact—namely, both have an interest in determining GMD's rights to the funds in this interpleader action.

For those same reasons, the Court is unpersuaded that the Intervenors' intervention would "explode" this case into numerous unrelated and new claims, as Plaintiff argues. *See* Doc. No. 55, p. 6; *see Buffin v. City & Cty. of San Francisco*, No. 15-CV-04959-YGR, 2017 WL 889543, at *4 (N.D. Cal. Mar. 6, 2017) (allowing intervenors whose interests resembled a judgment creditor's to permissively intervene based partially on the intervention's narrow scope). Further, the Intervenors assure the Court that any discovery they would wish to take should the Court grant this motion would be minimal. Thus, the Court does not find intervention will unduly delay or prejudice the adjudication of the original parties' rights.

//
//

## Conclusion

For the foregoing reasons, the Court **GRANTS** the Intervenors' motion to intervene. Doc. No. 52. **IT IS SO ORDERED.**

Dated: April 27, 2017

Hon. Michael M. Anello
United States District Judge