# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE BUSINESS SOLUTIONS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>GLOBAL MARKETING & DEVELOPMENT, INC., and AWESOME ENTERPRISES, LLC,<br><br>                              Defendants.<br><hr>AND RELATED COUNTERCLAIMS | Case No.: 15cv1464-MMA (NLS)<br><br>**ORDER DECLINING TO CONTINUE EXERCISING SUPPLEMENTAL JURISDICTION** |

On November 9, 2017, the Court dismissed the counterclaim by Global Marketing and Development, Inc. ("GMD") against ACE Business Solutions, LLC ("Ace") [Doc. No. 9], leaving the counterclaim by Ace against GMD for breach of contract and breach of the implied covenant of good faith [Doc. No. 16] as the only remaining unresolved claim in this interpleader action. *See* Doc. Nos. 111, 113. In the remaining counterclaim, Ace alleges it is a limited liability company organized pursuant to the laws of the State of Nevada and GMD is a corporation organized pursuant to the laws of the State of Nevada. Doc. No. 16 ¶¶ 2-3. Further, the underlying contract specifies that it is governed by and

construed in accordance with "the laws of the State of Nevada." Doc. No. 9-1 at 12. Accordingly, the Court Ordered Ace and GMD to file briefs addressing the Court's supplemental jurisdiction over the remaining counterclaim. Doc. No. 104 at 2.

"Under 28 U.S.C. § 1367(c)(3), a district court has discretion to elect not to exercise supplemental jurisdiction over state claims if it has dismissed the federal claims over which it had original jurisdiction." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (citing *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995)). In dictum, the United States Supreme Court stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The Ninth Circuit explained that this statement "'simply recognizes that in the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Schneider v. TRW, Inc.*, 983 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (emphasis in original).

GMD and Ace agree that the federal claims have been dismissed, and only common law claims arising under state law remain. *See* Doc. Nos. 108, 109, 112. GMD "does not believe continuing jurisdiction is proper" because the interpleader dispute—the exclusive basis for jurisdiction in this case—has been resolved. Doc. No. 109 at 1. As a result, GMD contends "the matter should be dismissed." *Id.* at 1-2.

Ace, on the other hand, contends the Court should retain jurisdiction because Ace might be barred by a statute of limitation defense for "other causes of actions" it might raise if it re-files its litigation against GMD in another forum. Doc. No. 108 at 2. Ace states that it "could amend the pleadings or seek leave to amend the pleadings to allege other causes of action which carry a shorter limitations period" in this Court. *Id.* However, Ace does not indicate that it is planning on seeking leave to amend the pleadings. *See id.* Additionally, any future amendments would require the stipulation of the parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Ace also asserts that it would

suffer prejudice if the Court declined to exercise supplemental jurisdiction over the remaining counterclaim because the parties have conducted discovery and participated in two mediations with Magistrate Judge Nita L. Stormes. Doc. No. 108 at 2. The Court finds that there would be little duplication of effort in a subsequent proceeding. "The efforts expended in connection with the factual investigation and the mediation are not the exclusive province of this action, and will be useful in any subsequent action." *Felix v. Pic-N-Run, Inc.*, No. CV 09-8015-PCT-JAT, 2011 WL 3510935, at *5 (D. Ariz. Aug. 10, 2011). Ace also argues that declining to exercise supplemental jurisdiction would be premature because, at the time Ace filed its brief, the Court had not dismissed GMD's claims against Ace and had not disbursed the interpled funds. Doc. No. 108 at 2-3. Those arguments are now moot. *See* Doc. Nos. 111, 113 (dismissing GMD's claims against Ace and ordering disbursement of the interpled funds).

The Court is not persuaded that Ace will be prejudiced by re-litigating this action in a different forum. The Court does not have original jurisdiction over the remaining counterclaim alleging breach of contract and breach of the implied covenant of good faith under Nevada law, and declines to continue exercising supplemental jurisdiction over these claims now that the federal interpleader claims have been dismissed. Accordingly, Ace's counterclaim against GMD [Doc. No. 16] is **DISMISSED** without prejudice for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: November 29, 2017

Hon. Michael M. Anello
United States District Judge